**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 22-4613**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID TRAVIS NANCE,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:20-cr-00056-BO-1)

———————

Submitted:  October 12, 2023                    Decided:  January 4, 2024

———————

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, John L. Gibbons, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

This case returns to us after our remand to the district court for the resentencing of David Travis Nance.  Because the district court again failed to meaningfully address Nance's argument for a lower sentence, and because the error is not harmless, we vacate the amended judgment and remand for resentencing before a different district judge.

I.

Nance pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1).  The district court calculated an advisory Sentencing Guidelines range of 37 to 46 months' imprisonment and sentenced Nance to 46 months in prison.  Nance appealed and asserted that the district court had not meaningfully addressed his primary argument for a below-Guidelines sentence.  Specifically, Nance faulted the district court for not addressing his argument based on his family responsibilities: he is the sole caretaker of his six-year-old son and also looks after his elderly mother who is disabled.  The Government agreed with Nance and filed an unopposed motion to remand stating that a "resentencing [was] necessary to allow the [district] court to meaningfully address [Nance's] mitigating arguments."  Mot. to Remand at 1, *United States v. Nance*, No. 22-4139 (4th Cir. Aug. 5, 2022), ECF No. 22.  We granted the Government's motion and remanded for resentencing.

On remand, the district court conducted a resentencing hearing and imposed the same top-of-the-Guidelines 46-month sentence of imprisonment.  In explaining its chosen sentence, the court recited the 18 U.S.C. § 3553(a) factors, described Nance's criminal history, and observed that Nance's offense was serious.  The court added that it had "considered" Nance's arguments for a lower sentence but did not mention any of those

2

arguments, including his argument based on his family responsibilities.  J.A. 88.[1]  The court also imposed a three-year period of supervised release that includes a special condition requiring Nance to support his dependents.

Nance now appeals from the amended judgment entered on remand.  Nance asserts that the district court again failed to address his argument for a lower sentence based on his family responsibilities and that his sentence is thus procedurally unreasonable.  The Government contends, however, that the record establishes that the district court considered and rejected Nance's family responsibilities argument.  And in any event, the Government asserts that any procedural error was harmless.

## II.

We review the procedural reasonableness of Nance's sentence "under a deferential abuse-of-discretion standard."  *United States v. Lewis*, 18 F.4th 743, 748 (4th Cir. 2021) (internal quotation marks omitted).  For a sentence to be procedurally reasonable, "a district court must conduct an individualized assessment of the facts and arguments presented and impose an appropriate sentence, and it must explain the sentence chosen."  *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted).

Our precedents on procedural reasonableness require a district court to "address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments."  *United States v. Ross*, 912 F.3d 740, 744 (4th Cir. 2019).  A district court satisfies this requirement "if it, although somewhat briefly, outlines

---

[1] Citations to "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

the defendant's particular history and characteristics not merely in passing or after the fact, but as part of its analysis of the statutory factors and in response to defense counsel's arguments for a [lower sentence]." *United States v. Lozano*, 962 F.3d 773, 782 (4th Cir. 2020) (internal quotation marks omitted).  At bottom, the district court's "explanation need not be exhaustive or robotically tick through the § 3553(a) factors," but it "must be sufficient to satisfy [us] that the district court has considered the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Friend*, 2 F.4th 369, 379 (4th Cir. 2021) (cleaned up).

### III.

### A.

Our review of the record leads us to conclude that Nance's sentence is procedurally unreasonable because the district court did not address a non-frivolous argument Nance made for imposing a different sentence and explain why it had rejected that argument. *See Ross*, 912 F.3d at 744.  Indeed, the district court failed to address Nance's primary argument for a sentence below the Guidelines range: he is the sole caretaker of his young son and also looks after his elderly mother who is disabled.  Nance's case is thus much like *United States v. Lewis*, in which we vacated the sentence imposed based on the district court's failure to address the defendant's mitigation argument related to "his role as a working father."  958 F.3d 240, 245 (4th Cir. 2020).  Accordingly, we are satisfied that Nance's sentence must be vacated and that he must again be resentenced.

4

B.

The Government's appellate contentions do not convince us otherwise. While the Government highlights the district court's statement that it had "considered" Nance's arguments for a lower sentence, we have repeatedly held that a district court should explain why it has rejected the defendant's nonfrivolous arguments for a different sentence.[2] J.A. 88; *e.g.*, *Ross*, 912 F.3d at 744; *United States v. Blue*, 877 F.3d 513, 521 (4th Cir. 2017); *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). Accordingly, the district court's nonspecific statement—without more—is not enough to pass our procedural reasonableness review.

The Government insists, however, that there is more here: the context of the resentencing hearing and the district court's interaction with Nance and his counsel throughout the hearing. Starting with context, the Government asserts that "it would be anomalous for this [c]ourt to conclude the district court once more failed to consider [Nance's] only argument, when doing so was the sole underlying reason for remand." Br. of Appellee 16. We disagree. In fact, the more anomalous result would be for this court to sanction the district court's failure to meaningfully address Nance's argument for a lower sentence despite our remand order instructing it to do so.

---

[2] The Government relies heavily on our decision in *United States v. Gibbs*, 897 F.3d 199 (4th Cir. 2018). But *Gibbs* addressed a revocation sentence, which we review much more deferentially than an original sentence. *Id.* at 203. It also bears mentioning that the district court in *Gibbs* at least responded to some of the defendant's arguments for a lower sentence, which is not the case here. *Id.* at 204-05.

Turning to the Government's reliance on the district court's interaction with Nance and his counsel during the resentencing hearing, we are unpersuaded. After hearing Nance's allocution during which he emphasized his "family[] obligations" and his need to "get home" to his young son and elderly mother, the district court simply responded, "Okay." J.A. 76. And after listening to defense counsel's extensive argument for a lower sentence, which tracked Nance's allocution, the district court asked only, "Is that it?" J.A. 79. Those responses do not reflect that the district court meaningfully considered Nance's argument for a lower sentence. *Cf. Blue*, 877 F.3d at 521 ("Reviewing courts may . . . infer that a sentencing court gave specific attention to a defendant's argument for a downward departure if the sentencing court engages counsel in a discussion about that argument.").

As for the Government's reliance on the district court's imposition of the supervised release condition requiring Nance to support his dependents, that routine condition cannot bear the weight that the Government places on it. *See* U.S. Sentencing Guidelines Manual § 5D1.3(d)(1)(A), p.s. (2018) (recommending imposition of the support condition whenever a defendant has a dependent). To be sure, the district court's imposition of the support condition establishes that the court was aware that Nance has a dependent. But the condition does not address the crux of Nance's argument—that he was already the sole supporter of his young son and a within-Guidelines sentence would therefore have a severe negative impact on the child. Nor does the requirement that Nance support his dependents touch upon Nance's care for his mother. At bottom, the Government's arguments do not convince us that Nance's sentence is procedurally reasonable.

6

We also reject the Government's harmless error contention. To show harmless error, the Government must prove that the district court's error "did not have a substantial and injurious effect or influence on the result" of the proceedings. *Slappy*, 872 F.3d at 210 (internal quotation marks omitted). We conclude that the Government has not met its burden here because "it is plausible [that] the [district] court may have imposed a lower sentence" had it meaningfully addressed Nance's family responsibilities argument. *United States v. Patterson*, 957 F.3d 426, 440 (4th Cir. 2020); *see Lewis*, 958 F.3d at 245 ("Given the district court's . . . imposition of a sentence at the top of the Guidelines range, a more robust consideration of [the defendant's] arguments and an adequate response to those arguments may have resulted in a lesser sentence.").

IV.

For those reasons, we vacate the amended judgment and remand for resentencing before a different district judge. *See United States v. McCall*, 934 F.3d 380, 384-85 (4th Cir. 2019) (discussing factors that we consider before reassigning case). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*